[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 RE: APPLICATION FOR INJUNCTIVE RELIEF
CT Page 3256
On February 4, 2002, the plaintiffs, Richard Fredette and Raymond Voccola, filed an application for injunctive relief and a two count complaint. The parties stipulated to the following facts: All of the parties are duly elected members of the Stratford Town Council. The powers of the town are vested in the Council, in accordance with the town's charter, and the Council has the power to establish various committees.
On December 10, 2001, the Council conducted its regular meeting for December of 2001. The minutes of that meeting show (page 6, section 5, "Unfinished Business") that it considered tabled "appointments" to committees (section 5.1). The minutes also show (page 8, section 5.1.15) that Mr. David made a motion, seconded by Mr. Fredette, to make a number of "committee appointments".[1] Mr. David then made a motion, seconded by Mr. Fredette, "to appoint" specific members, including the plaintiffs, to the various committees. On page 13 the minutes show that the motion to approve the "committee appointments" passed, that it was so declared, and that it had become a matter of record.[2] The meeting then proceeded with other unrelated business. Some of the committees to which the plaintiffs had been appointed subsequently scheduled and held meetings, and conducted business, between December 10, 2001, and January 14, 2002, at which date the Council conducted its regular meeting for January of 2002.
Prior to the December 10, 2001 meeting, the Council had held a special meeting on November 26, 2001, at which point it adopted its "Rules of Order" pursuant to the express authority contained in § 2.1.4 of the town charter, which provides that the Council "may determine its rules of procedure. . . ." The new Rules of Order contain a rule IX (B), which provides, in relevant part, that with regard to any motion that has been carried "it shall be in order for any member who voted with the prevailing side to move a reconsideration thereof at the same, or at the regular meeting next succeeding the meeting at which the vote was taken. . . ."[3]
The minutes of the January 14, 2002 meeting show that the Council voted for a reconsideration, pursuant to rule IX B, of the committee appointments made at the December 10 meeting. This "motion to reconsider the committee assignments" was made by Mr. Singh, seconded by Mr. Pepin, and passed with 8 in favor and 2 opposed. The minutes show that a motion was then made by Mr. Singh, seconded by Mr. Pepin, to amend the committee assignments, which motion the Council also passed with 8 in favor and 2 opposed. The parties stipulated that the combined effect of the motions to reconsider and amend was to remove the plaintiffs from some of the committees to which they had been appointed in December 10, 2001.
Section 2.2.12 of the Stratford town charter provides: CT Page 3257
 "Removal of appointee. Unless otherwise expressly provided in this charter, the council may remove a council appointee only for misfeasance or nonfeasance in the performance of the official duties of his office. In such event council must state in writing the reasons for removal and must afford the member a public hearing before the council and such removal shall be effective only if approved by an affirmative vote of seven members of the council."
The parties stipulated that the Council did not state in writing the reason for its action, did not afford the plaintiffs a public hearing before it, and did not charge them with misfeasance or nonfeasance in the performance of their official duties. The plaintiffs allege that they were removed from their appointed committee positions in violation of § 2.2.12 and ask the court to reinstate them to those committees, and for other relief in law or equity as the court deems just and proper.
Dealing with the motion to strike first, the defendants argue that the plaintiffs request for relief which can only be obtained through an action in Quo Warranto, and that the complaint should therefore be stricken because they did not bring such an action. They argue that the injunction the plaintiffs ask for would reinstate the plaintiffs to their previous positions and therefore oust the present committee members from their offices. It is clear, however, that the plaintiffs do not ask the court to oust present committee members. Furthermore, because the committees in question do not have an official limit on membership the possible reinstatement of the plaintiffs to these committees would not require any member to be ousted. An action in Quo Warranto is therefore not required, and the motion to strike is accordingly denied.
The parties focused an important part of their arguments on the issue of whether the appointments at issue here constitute "other such appointments to . . . committees . . ., as may be required by charter, ordinance, resolution or general statutes . . . "as provided by § 2.2.10.[4] The defendants argue that if the appointments at issue are so "required" then § 2.2.12 applies to them, but if they are not so "required" that section does not apply, and in that case, they argue, rule IX (B) applies and the appointments can be reconsidered and revoked at the same or next regular meeting. The defendants argue that the appointments are not so "required" and that they were therefore properly reconsidered and revoked.
"It has been well established that a city's charter is the fountainhead of municipal powers. . . . The charter serves as an enabling act, both CT Page 3258 creating power and prescribing the form in which it must be exercised. . . . Agents of a city, including [the board of representatives], have no source of authority beyond the charter. . . . In construing a city charter, the rules of statutory construction generally apply. . . . A city charter must be construed, if possible, so as reasonably to promote its ultimate purpose. . . . In arriving at the intention of the framers of the charter the whole and every part of the instrument must be taken and compared together. In other words, effect should be given, if possible, to every section, paragraph, sentence, clause and word in the instrument and related laws." (Citations omitted; internal quotation marks omitted.) Stamford Ridgeway Associates v. Board ofRepresentatives, 214 Conn. 407, 423, 572 A.2d 951 (1990). "The language employed must be given its plain and obvious meaning, and, if the language is not ambiguous a court cannot arbitrarily add to or subtract from the words employed." (Internal quotation marks omitted.) Id., 424.
At the special meeting on November 26, 2001, the Council passed a motion to table a number of committee appointments. See, Minutes, Special Council Meeting (November 26, 2001), pp. 5-7 ("New Business-Appointments of Committees"). At the December 10, 2001 meeting, the council considered the tabled committee appointments. The minutes of that meeting show: that, with regard to committees concurrent with the council term, the council considered appointments to twenty-two of such committees, that the committee appointments as presented were approved, that the motion passed with 6 in favor and 5 opposed via roll call vote, and that the yes and no votes were taken down upon the passage of the motion. See, Minutes, Council Meeting (December 10, 2001), pp. 8-13. The minutes further show that of the twenty-two committees considered, six committees' appointments were "required" by the town code, and one committee's appointments were "required" by ordinance. The five committees from which plaintiffs were removed are included in the remaining fifteen committees, and the minutes do not show that these committees' appointments were "required" by general statutes, charter, ordinance or resolution. Furthermore, the plaintiffs have not submitted evidence that any of those committees had previously been established by either ordinance or resolution.
On the basis of the foregoing facts, that the appointments for those committees from which the plaintiffs were removed were not "required" pursuant to § 2.2.10 of the town charter, and that, accordingly, the procedural requirements contained in § 2.2.12 of the charter would not be applicable to appointees to such committees.
Accordingly, the application for injunctive and other relief is denied. CT Page 3259
 ___________________ RUSH, J.